Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Suite 265
Las Vegas, NV 89123
Office: (702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Sonia Torres

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SONIA TORRES,<br><br>                        Plaintiff,<br><br>        vs.<br><br>TRUMP RUFFIN COMMERCIAL, LLC.<br>DBA TRUMP INTERNATIONAL HOTEL<br>LAS VEGAS, and DOES 1-50, inclusive<br><br>                        Defendants. | Case No.:  2:20-cv-00990-JCM-EJY<br><br>**COMPLAINT FOR DAMAGES<br>(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Sonia Torres (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.) as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

///

///

///

///

///

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to the Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.) which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

   a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

   b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated March 4, 2020. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

8. PLAINTIFF, SONIA TORRES, was a qualified/eligible "employee" of Defendant, TRUMP RUFFIN COMMERCIAL, LLC.., within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.) and Nevada Revised Statutes §§ 608.010 et seq.; and related claims under Nevada law.

### DEFENDANTS

9. Defendant, TRUMP RUFFIN COMMERCIAL, LLC. is a foreign limited liability company qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.)and related claims under Nevada law. Defendant has offices located at 725 Fifth Ave., New York, New York, 10022.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

### STATEMENT OF FACTS

11. PLAINTIFF, SONIA TORRES, is a 56-year-old female born in the year 1963. MS. TORRES is a former employee of Defendant where she worked as a Status Clerk Dispatcher for the housekeeping department. At the time of her employment, MS. TORRES earned $15.30 hourly. She was employed by Defendant from June 8, 2010 to May 4, 2018.

//

//

12. PLAINTIFF is an active member of Immanuel's Temple System of Church, a non-denominational Christian church located in Las Vegas, Nevada. Plaintiff has been a member of Immanuel's Temple since 1991.

13. During her interview with Defendant in 2010, Plaintiff informed Defendant that she was a practicing Christian and did not work on Sundays in observance of her Christian faith.

14. Defendant indicated to Plaintiff that her request for Sundays off would not be an issue.

15. PLAINTIFF began working for DEFENDANT as an on-call employee and eventually was promoted to a full-time position with a set schedule of 6 a.m. to 2:30 p.m. Monday, Tuesday, Thursday, Friday and Saturday.

16. PLAINTIFF worked for DEFENDANT in the housekeeping department without incident from 2010 until approximately 2015 when Alejandra Magnum, the new director of housekeeping, began altering PLAINTIFF'S work schedule.

17. In the late Summer of 2015, Alejandra Magnum, suddenly and without any warning, gave the 6:00 a.m. shift to Javier Aguilar, an employee with less seniority than PLAINTIFF.

18. Ms. Magnum assigned PLAINTIFF a fluctuating shift schedule. PLAINTIFF'S daily shift would fluctuate between a 6 a.m. start time and an 11:00 a.m. start time.

19. PLAINTIFF protested the shift alterations with Ms. Magnum, noting that she had more seniority than Javier and explained that later start times prevented her from participating in late afternoon religious activities with her church.

20. PLAINTIFF protested the shift alterations on numerous occasions.

21. Ms. Magnum refused to alter PLAINTIFF'S new shift schedule.

22. Ms. Magnum then began to harass PLAINTIFF, making petty requests only to her, finding fault only with her for minor procedural matters, and creating a variety of inconveniences throughout the day that only affected PLAINTIFF.

//

//

23. On two separate occasions, PLAINTIFF requested paperwork from Human Resources Director LaDawndre Stinson in order to file a complaint for harassment against Ms. Magnum. Ms. Stinson refused to give PLAINTIFF the requested forms.

24. On or about January 8, 2018, the employees of the Trump International Hotel entered into a collective bargaining agreement.

25. Shortly thereafter, PLAINTIFF attended an employee meeting regarding a survey follow-up of various housekeeping matters.

26. During the meeting, a question arose regarding whether the newly formed union would be making changes to the work schedule. Ms. Stinson responded that control over the work schedule remained with her and Ms. Magnum and that they would be telling union what they wanted the schedule to look like.

27. Eventually, a new proposed work schedule was posted in the status clerk area. Whereas the original weekly shift schedule had two separate shifts with Sundays off – a 4 a.m. to 12:30 p.m. and a 6 a.m. to 2:30 p.m. – the new weekly shift schedule only had one shift with a Sunday off, that being the 4 a.m. to 12:30 p.m. shift.

28. For years, an employee with more seniority than PLAINTIFF worked the 4 a.m. to 12:30 p.m. shift. This employee selected the same schedule on the updated shift scheduling sheet.

29. PLAINTIFF selected Shift No. 2 - a 7:00 a.m. to 3:30 p.m. shift with work days Sunday, Wednesday, Thursday, Friday and Saturday.

30. At the time that PLAINTIFF selected Shift No. 2, she handwrote on the bid sheet that she was requesting Sundays off for her religious observance.

31. On or about February 12, 2018 PLAINTIFF approached Ms. Magnum and voiced her concern that Ms. Magnum and/or Ms. Stinson had removed her Sunday shift. PLAINTIFF requested that she be allowed to have Sundays off for her religious observance. PLAINTIFF explained to Ms. Magnum that it was her sincerely held religious belief to not work on Sundays. PLAINTIFF reminded DEFENDANT that it had honored her request for religious observance on Sundays for the past eight years.

32. Ms. Magnum was indifferent to PLAINTIFF'S request.

33. Later in the afternoon on February 12, 2018, PLAINTIFF was called into the office of the Assistant Director of Housekeeping and met with union director Lynn LKU and union representative Sylvia LNU. Lynn and Sylvia asked PLAINTIFF to explain why she needed Sundays off.

34. When PLAINTIFF explained her Christian faith and her need to observe her faith on Sundays, Lynn and Sylva suggested that PLAINTIFF become an on-call employee.

35. The suggested accommodation by Lynn and Sylvia was unreasonable because it would have demoted PLAINTIFF, caused her to lose her seniority, her full-time employment status, and her benefits. PLAINTIFF rejected the on-call offer.

36. On or about February 23, 2018, PLAINTIFF met with Ms. Stinson, who instructed her to select a different shift because the 7:00 a.m. shift Wednesday – Sunday had been given to an employee with more seniority. PLAINTIFF refused and again requested that she be given her original shift with Sundays off. Ms. Stinson informed PLAINTIFF that if she didn't select a shift, one would be selected for her.

37. On or about February 27, 2018, PLAINTIFF was called to the HR office and was met by Ms. Stinson and approximately six union representatives. Ms. Stinson informed PLAINTIFF that her new shift would be 1:00 p.m. to 9:30 p.m. Sunday-Tuesday, Friday and Saturday.

38. On or about Tuesday, March 20, 2018, PLAINTIFF submitted a vacation request for Sunday, March 25, 2018. DEFENDANT denied this request, even though there were on-call employees willing to work on that Sunday.

39. PLAINTIFF refused to work on Sundays because of her sincerely held religious belief to not work on Sundays.

40. PLAINTIFF accrued attendance points for her Sunday absences.

41. DEFENDANT discharged PLAINTIFF on May 3, 2018 because she had exceeded the maximum attendance points allowable.

//

# COUNT I
# RELIGIOUS DISCRIMINATION
**Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e)(j)**
**NV Rev. Stat. §613.330 et seq.**
**(Against All Defendants)**

42. PLAINTIFF hereby incorporates paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. Title VII of the Civil Rights Act of 1964, as amended 42 U.S. C. 2000(e), et. seq. prohibits employers from discriminating against qualified individuals because of their religion.

44. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j).

45. PLAINTIF is a practicing Christian and a member of a local non-denomination church.

46. Christianity is an established religion in the United States. Members of the non-denomination Christian faith observe religious services on Sundays.

47. Allowing PLAINTIFF Sundays off to attend services would not have caused DEFENDANT any hardship.

48. DEFENDANT allows non-Christian members to break from work to attend their religious services. Likewise, DEFENDANT could have accommodated PLAINTIFF and given her a shift that would not have required her to work on Sundays.

49. DEFENDANT'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S rights.

50. As a proximate result of DEFENDANT'S discriminatory actions, PLAINITFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proven at trial.

51. PLAINTIFF requests relief as described in the Prayer for Relief below.

//
//
//

**COUNT VII**
**RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE**
**Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e)(j)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

52. PLAINTIFF hereby incorporates paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. DEFENDANT'S conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(j), which requires an employer to accommodate religious practices and beliefs.

54. DEFENDANT acted in violation of Title VII when, rather than accommodating PLAINTIFF'S religious practice, refused to accommodate PLAINTIFF'S request for Sundays off.

55. Accommodating PLAINTIFF'S religious practice would not have caused Defendant an undue hardship.

56. As a proximate result of DEFENDANT'S discriminatory actions, PLAINTIFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proven at trial.

57. PLAINTIFF requests relief as described in the Prayer for Relief below.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e** *et seq.***)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981** *et seq.***)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

58. PLAINTIFF hereby incorporates paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. PLAINTIFF was subjected to discriminatory conduct regarding her religion during her employment with DEFENDANT which was perpetrated upon her by DEFENDANT, and that this conduct was based upon and directed at PLAINTIFF by reason of her religious belief.

60. The conduct was unwelcome.

61. The conduct was sufficiently severe or pervasive to alter the conditions of PLAINTIFF'S employment and create an abusive and/or hostile work environment;

62. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with PLAINTIFF'S physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

63. Plaintiff perceived the working environment to be abusive or hostile.

64. During the times referenced herein, PLAINTIFF was subject to a number of inappropriate actions made by her supervisor and managers. These actions included Human Resources Director LaDawndre Stinson refusing to provide PLAINTIFF with the necessary paperwork that would allow her to report the harassment she was receiving from the Director of Housekeeping, Alejandra Magnum. It also included Alejandra Magnum deliberately and without any consent from PLAINTIFF, removing PLAINTIFF from her set scheduled shift and giving the shift to an employee with less seniority. Later, Alejandra Magnum and LaDawndre Stinson created a completely different shift schedule, deliberately eliminating PLAINTIFF'S shift schedule with Sundays off, while retaining the shift schedule of a senior employee who also had Sundays off. When PLAINTIFF requested that an on-call employee be assigned to her Sunday shift, DEFENDANT denied her request, even though there were numerous on-call employees willing to take PLAINTIFF'S Sunday shift.

65. As a direct and proximate result of the harassing and hostile environment by DEFENDANT, PLAINTIFF suffered great embarrassment, humiliation and mental and physical anguish.

66. DEFENDANT'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

67. DEFENDANT, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANT described above thereby ratifying the unlawful conduct of its agents or supervisors.

68. As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFF has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

69. In doing the things alleged herein, DEFENDANT'S conduct was despicable, and DEFENDANT acted toward PLAINTIFF with malice, oppression, fraud, and with willful and conscious disregard of PLAINTIFF'S rights, entitling PLAINTIFF to an award of punitive damages.

70. DEFENDANT'S conduct described herein was engaged in by managing agents for DEFENDANT and/or ratified by managing agents.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, SONIA TORRES prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest.
2. Grant general and special damages in amounts according to proof.
3. Grant liquidated damages in amounts according to proof.
4. Grant punitive damages.
5. Grant reasonable attorneys' fees pursuant to statute
6. Grant costs of suit incurred herein; and
7. Grant such other and further relief as the court deems just and proper.

DATED this 2nd day of June, 2020.          WATKINS & LETOFSKY, LLP

                                                            */s/ Daniel R. Watkins*
                                               By:  _____
                                                    Daniel R. Watkins
                                                    Theresa M. Santos
                                                    8215 S. Eastern Ave., Ste. 265
                                                    Las Vegas, NV 89123
                                                    Attorneys for Plaintiff, Sonia Torres

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 2nd day of June, 2020.    WATKINS & LETOFSKY, LLP

By:    */s/ Daniel R. Watkins*
_____
Daniel R. Watkins
Theresa M. Santos
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Sonia Torres

# **EXHIBIT 1**

Notice of Right to Sue

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sonia Torres

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2018-00655 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Rosa M. Viramontes,
District Director

March 4, 2020
(Date Mailed)

cc: Ladawndre Stinson
Dir. of H.R.
TRUMP INTERNATIONAL HOTEL LAS VEGAS
2000 Fashion Show Drive
Las Vegas, NV 89109